

**IN THE FEDERAL DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

KC **FILED**
NOV 2 2 2006
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| DANIEL EDWARDS, )<br>      Plaintiff, )<br>)<br>v. )<br>)<br>TWO UNKNOWN MALE CHICAGO POLICE )<br>OFFICERS and AN UNKNOWN SUPERVISOR)<br>individually and in their official capacities as )<br>employees of the DEPARTMENT OF POLICE )<br>FOR THE CITY OF CHICAGO and THE CITY )<br>OF CHICAGO, a municipal corporation, )<br>)<br>      Defendants. ) | CASE NO.<br><br>06CV6399<br>JUDGE BUCKLO<br>MAGISTRATE JUDGE MASON<br><br>JURY DEMANDED |

## COMPLAINT

NOW COMES Plaintiff, DANIEL EDWARDS, by and through his attorneys, JOHN P. DEROSE and JOHN J. DOWNEY, and complains of Defendants TWO UNKNOWN MALE CHICAGO POLICE OFFICERS and AN UNKNOWN SUPERVISOR, individually and in their official capacities as employees of the Department of the Police for the City of Chicago and THE CITY OF CHICAGO, a municipal corporation, and states as follows:

### JURISDICTION

1.    The jurisdiction of this Honorable Court is invoked pursuant to 42 U.S.C. § 1983 and the Constitution of the United States of America, and the jurisdiction of this Honorable Court is invoked pursuant to 28 U.S.C. § 1331, 1343, 1988, and 2201. Supplemental jurisdiction of this Honorable Court is also requested over the pendent state law claims pursuant to 28 U.S.C. § 1367.

## PARTIES

2. DANIEL EDWARDS, (sometimes hereinafter referred to as "EDWARDS" or "Plaintiff"), at all relevant times hereinafter mentioned was a citizen of the United States of America and a resident of Cook County, Illinois.

3. The TWO UNKNOWN CHICAGO POLICE OFFICERS and the UNKNOWN SUPERVISOR (sometimes hereinafter referred to collectively as "the two unknown police officers" and/or "the unknown supervisor" or by their individual names) at all relevant times hereinafter mentioned, were and are officers employed by the Chicago Police Department.

4. The identities of the two unknown officers and of the unknown supervisor are not known at this time, but are reasonably expected to be ascertained during the course of discovery in the above-captioned cause, after which time Plaintiff will seek leave to amend his complaint to identify the two unknown officers and the unknown supervisor by name.

5. The two unknown Chicago police officers and the unknown supervisor at all times hereinafter mentioned were acting under the color of state law.

## FACTS OF THE COMPLAINT

6. On or about July 16, 2006, Plaintiff was a patron at Spybar, a drinking establishment which is located at 646 North Franklin Street in the City of Chicago, County of Cook, State of Illinois.

7. At approximately 1:15 a.m. Plaintiff was in the process of exiting the bar.

8. The two unknown Chicago police officers, without just cause or provocation suddenly approached Edwards and handcuffed his hands behind his back.

9. Plaintiff was cooperative with the two unknown officers and did not resist their arrest of him at any time or in any way.

10. With his hands manacled and cuffed behind his back, the two unknown police officers then forcibly rammed Edwards' head and face into the back top part of the squad car's frame, knocking out two of Plaintiff's teeth, causing him permanent physical damage and disfigurement.

2

11. Without any right or reason to so do, the two unknown police officers arrested plaintiff and put him forcefully in the back of the squad car.

12. Plaintiffs sat in handcuffs in the backseat of the squad car bleeding profusely from his mouth while in full view of his friends, acquaintances, and other citizens of the community.

13. Sometime thereafter, an unknown supervisor of the Chicago Police Department arrived on the scene and consulted with the two unknown police officers.

15. After an extended period of time, the two unknown police officers returned to the squad car and told Plaintiff they would release him.

16. Plaintiff was directed by the two unknown police officers to exit the squad car.

17. Plaintiff did not want to exit the squad car and protested, "I want the other officers to see what you have done to me."

18. The two unknown police officers insisted that Plaintiff vacate the squad car, released him without charging, and forcefully threw him out of the vehicle.

19. At all times relevant to this cause, Plaintiff was peaceful and law abiding.

## COUNT I
## VIOLATION OF 42 U.S.C. § 1983
## (EXCESSIVE FORCE AGAINST INDIVIDUAL DEFENDANTS)

20. The Plaintiff repeats and re-alleges paragraphs 1 through 19 of this Complaint as paragraphs 1 through 19 of Count I as though fully set forth herein.

21. The Defendants and each of them violated the civil rights of the Plaintiff when he was subjected to the use of excessive, unreasonable, and unjustified force, was falsely imprisoned, and subjected to great duress, all without any right or reason and without due process of law.

22. The Defendants and each of them were at all times acting under the color of state law in their individual and official capacities as members of the Chicago Police Department.

23. The actions of the Defendants and of each of them were willful and malicious and showed a wanton disregard for the constitutional rights of Plaintiff.

24. The Defendants used a degree of force or allowed the use of a degree of force that was unnecessary to the need.

25. That such force was objectively unreasonable in light of the facts and circumstances at the time.

26. By reason of the acts of the Defendants, Plaintiff has suffered great anxiety and pain of mind and body for a long time, all to Plaintiff's damage.

WHEREFORE, Plaintiff demands judgment against each of the Defendants, jointly and severally, in the sum of one million ($1,000,000.00) dollars, the costs of this suit, his attorney's fees, and such other relief as this Honorable Court deems just and proper under the circumstances.

Plaintiff further demands punitive damages from the individually named Defendants in their individual capacities, jointly and severally in the sum of one million ($1,000,000.00) dollars.

## COUNT II
## VIOLATION OF 42 U.S.C. § 1983
## (FAILURE TO TRAIN, SUPERVISE AND DISCIPLINE)

27. The Plaintiff repeats and re-alleges paragraphs 1 through 26 of Count One of this Complaint as paragraphs 1 through 26 of Count II as though fully set forth herein.

28. Defendant City of Chicago and the unknown supervisor, following their normal practice and procedure, failed to train, supervise, and discipline their respective officers from committing the unwarranted batteries and using excessive force, or allowing such activities, against arrestees such as Plaintiff and/or from strategically situating themselves to aid, encourage, and abet the use of violent force against arrestees such as Plaintiff while outside of SpyBar.

29. The Defendants' failure to train, supervise or discipline the two unknown police officers amounted to deliberate indifference to the rights of persons with whom the officers come into contact.

4

30. Plaintiff was deprived of his liberty and constitutional rights in violation of the Fourth, Eight, and Fourteenth Amendment to the United States Constitution due to the failure to train, supervise, and discipline.

31. The actions of the Defendants were done willfully and maliciously.

32. The actions of the Defendants were done under the color of state law.

WHEREFORE, the Plaintiff demands judgment against each one of the Defendants, jointly and severally, in the sum of one million ($1,000,000.00) dollars, the costs of this suit, his attorney's fees, and such other relief as this Honorable Court deems just and proper under the circumstances.

Plaintiff further demands punitive damages from the individually-named Defendants in their individual capacities, jointly and severally, in the sum of two million ($2,000,000.00) dollars.

## COUNT III
## FALSE IMPRISONMENT

33. Plaintiff repeats and realleges paragraphs 1 through 32 of Count II of this Complaint as paragraphs 1 through 32 of Count III as though fully set forth herein.

34. Plaintiff's liberty was unreasonably and forcefully restrained against his will as a direct result of the Defendants' wrongful detainment of the Plaintiff.

WHEREFORE, PLAINTIFF demands judgment in his favor and against DEFENDANTS and each of them, jointly and severally, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

## COUNT IV
## FALSE ARREST

35. PLAINTIFF repeats and realleges paragraphs 1 through 34 of Count III of this Complaint as paragraphs 1 through 34 of Count IV as though fully set forth herein.

5

36. As a direct and proximate result of Defendant unknown officers' actions, Plaintiff was falsely arrested and held against his will in a Chicago police squad car and suffered injuries of a personal, physical, permanent and pecuniary nature.

WHEREFORE, PLAINTIFF Daniel Edwards demands judgment in his favor and against the defendants and each of them, jointly and severally, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

*John P. DeRose*
John P. DeRose
Attorney for Plaintiff Daniel Edwards

John P. DeRose & Associates
15 Spinning Wheel Road
Suite 428
Hinsdale, Illinois 60521
(630) 920-1111

John. J. Downey
72 S La Grange Road
Suite 6
La Grange, Illinois 60525
(708) 352-8299